UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIKS FRENKEL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEONID A. POLLAK,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br><br><br>JUNE 27, 2018 |

## COMPLAINT

Plaintiff, Feliks Frenkel ("Frenkel"), by and through his undersigned counsel, for his Complaint against defendant, Leonid A. Pollak ("Pollak"), hereby alleges, on knowledge as to his own conduct and otherwise upon information and belief, as follows:

### Nature of the Action

1. In this action, plaintiff Frenkel seeks the recovery of damages resulting from defendant Pollak's default under an agreement between the parties, pursuant to which Frenkel loaned substantial amounts to Pollak in order to help him overcome a personal financial crisis.

### Parties

2. Plaintiff Frenkel is an individual who resides in, and is a citizen of, New York.

3. Defendant Pollak is an individual who resides in, and is a citizen of, Connecticut.

### Jurisdiction and Venue

4. This court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(2). Citizenship is diverse because Frenkel is a citizen of New York, and Pollak is a citizen of Connecticut. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391(b) because Pollak resides here and because a substantial part of the events or omissions giving rise to the claim occurred in Connecticut, or a substantial part of the property that is the subject of the action is situated here.

**Factual Allegations**

6. In the Fall of 2010, Pollak and his wife, Inna Sakin-Pollak (collectively, the "Pollaks"), approached Frenkel, to seek his financial assistance. At the time, the Pollaks believed they were about to lose their home due to multiple foreclosure actions pending against them.

7. Up until that time, the Pollaks and Frenkel (and Frenkel's wife) had been nearly inseparable. They vacationed together; they celebrated together; they mourned together; and they felt like extended families.

8. The Pollaks sought Frenkel's assistance because they could not have borrowed funds to avoid a foreclosure except from "hard money" lenders who would have charged them extremely high interest rates.

9. Despite Frenkel's trepidation, he was willing to help the Pollaks avoid foreclosure. He believed it was the moral thing to do, namely to help people he perceived as his friends from being foreclosed upon and thrown out of their home. He was willing to put himself and his family at financial risk to help people he thought were his friends and people he thought he could trust.

10. Accordingly, in or about September 2010, Frenkel entered into an agreement with the Pollaks (the "Agreement") pursuant to which, among other provisions: (a) Frenkel lent his name and creditworthiness to them by obtaining a commitment for a mortgage loan

from Wells Fargo Bank (the "Wells Fargo Loan") in the amount of $4,075,000, secured by a mortgage on the Pollaks' residence, located at 2 Windrose Way, Greenwich, Connecticut; (b) Frenkel executed loan documents required by Wells Fargo to close the loan; and (c) the Pollaks agreed to repay the Wells Fargo Loan.

11. The Pollaks further agreed that, if they failed to make any payments due under the Wells Fargo Loan documents (or failed to pay any other amounts due for real estate taxes, association dues, or certain insurance premiums), and any such default remained uncured for at least 25 days, they would be obligated, jointly and severally, to pay Frenkel certain amounts specified in the Agreement. The Pollaks also agreed that they would be jointly and severally obligated to reimburse Frenkel for any payments made by him in connection with the Wells Fargo Loan.

12. In the Agreement, the Pollaks also agreed to pay Frenkel all costs and expenses, including reasonable attorney's fees and disbursements, incurred by him in entering into the Agreement or enforcing his rights under the Agreement.

13. The parties agreed that the Pollaks' foregoing obligations to Frenkel would be payable on demand, and would be joint and several obligations of both of them.

14. Thereafter, the Pollaks failed to honor their obligations under the Agreement by making any of the payments due under the Wells Fargo Loan documents, and other payments required to be made under the Agreement.

15. As a result, on or about May 15, 2014, Frenkel declared the Pollaks in default under the Agreement and demanded all payments due thereunder. In addition, Wells Fargo commenced a foreclosure action against the property securing the Wells Fargo Loan, and Inna

Sakin-Pollak filed a voluntary bankruptcy petition, in a proceeding entitled *In re: Inna Sakin-Pollak*, Case No. 15-51164 (Bankr. D. Conn.) (the "Sakin-Pollak Bankruptcy").

16. On October 29, 2015, plaintiff Frenkel filed a proof of claim in the Sakin-Pollak Bankruptcy, in the amount of $1,859,421.48, based on Ms. Sakin-Pollak's obligations under the Agreement. Frenkel recovered $42,344.32 from the Sakin-Pollak Bankruptcy, and subsequently incurred legal fees and expenses in the approximate amount of $100,000 in connection with the enforcement of his rights under the Agreement.

17. As of June 25, 2018, Pollak has made no payment due to Frenkel under the Agreement.

## Count One – Breach of Agreement

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. By way of the Agreement, Pollak agreed to make certain payments to Frenkel if he and his wife failed to make payments due under the Wells Fargo Loan documents (or failed to pay any other amounts due for real estate taxes, association dues, or certain insurance premiums), and any such default remained uncured for at least 25 days.

20. Under the Agreement, Pollak also agreed that he was obligated to reimburse Frenkel for any payments made by him on the Wells Fargo Loan, and that he was obligated to pay Frenkel all costs and expenses, including reasonable attorney's fees and disbursements, incurred by him in entering into the Agreement or enforcing his rights thereunder.

21. The Pollaks failed to honor their obligations under the Agreement by making any of the payments due under the Wells Fargo Loan documents, and other payments required to be made under the Agreement.

22. Pollak has refused to make payment to Frenkel under the Agreement despite demand for same.

WHEREFORE, plaintiff Feliks Frenkel demands judgment against defendant Leonid A. Pollak as follows:

1. Money damages in an amount to be proven at trial, but believed to be no less than $1,917,077;

2. Interest, pursuant to the Agreement and Conn. Gen. Stat. § 37-3a;

3. All costs and expenses, including reasonable attorney's fees and disbursements, pursuant to the Agreement; and

4. Such other and further relief at law or in equity that the Court deems just and proper.

Respectfully submitted,

PLAINTIFF,
FELIKS FRENKEL

By: /s/ Andrew M. Zeitlin
Andrew M. Zeitlin
Fed. Bar No. ct 21386
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
(203) 324-8100
azeitlin@goodwin.com

6768205v2